

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

INTERNATIONAL PAPER COMPANY
and FACTORY MUTUAL INSURANCE
COMPANY

                                       CIVIL ACTION NO. 11-0017
versus                                      JUDGE TOM STAGG

DEEP SOUTH EQUIPMENT
COMPANY, NAACO MATERIALS
HANDLING GROUP, INC.,
OSRAM SYLVANIA, INC.,
RST INSURANCE COMPANY,
UVW INSURANCE COMPANY and
XYZ INSURANCE COMPANY

---

## MEMORANDUM RULING

Before this court are cross-motions for summary judgment filed by the third-party defendants Tango Logistix, L.L.C., Tango Transport, Inc., and Tango Transport, L.L.C. (hereinafter collectively referred to as "Tango"), and by defendant and third-party plaintiff Deep South Equipment Company ("Deep South"). See Record Documents 38 and 40. For the reasons set forth below, Tango's motion for summary judgment is **GRANTED IN PART and DENIED IN PART** and Deep South's motion for summary judgment is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

International Paper Company ("International Paper") is a pulp and paper company that stored thousands of tons of feed stock materials for its paper mill in a warehouse it leased in Red River Parish.[1] International Paper hired Tango to operate the warehouse and transport the feed stock materials from the warehouse to the paper mill. On December 18, 2009, Tango rented a Hyster Fortis 80 lift truck from Deep South in order to handle the feed stock materials. The truck was built by NAACO Materials Handling Group, Inc. ("NAACO"), who sold it to Deep South, NAACO's dealer in Louisiana. On January 7, 2010, a fire ignited in International Paper's warehouse, consuming the feed stock material and destroying the warehouse.

International Paper filed suit in this court against Deep South, NAACO, Osram Sylvania, Inc. ("Sylvania"), RST Insurance Company, UVW Insurance Company and XYZ Insurance Company, alleging various theories of negligence and products liability under the Louisiana Products Liability Act in connection with the fire.[2] See

---

[1] Pursuant to the lease agreement, International Paper provided property insurance for the warehouse. See Record Document 1 at ¶ 11.

[2] International Paper's products liability claims against Sylvania alleged that a light bulb manufactured by Sylvania caused the fire. See Record Document 1. Sylvania filed a motion for summary judgment which International Paper did not oppose. This court's judgment granting Sylvania's motion and dismissing International Paper's claims against it is addressed in a separate Memorandum Ruling.

Record Document 1. International Paper claims that the truck leased from Deep South was defective and that these defects caused the fire at the warehouse. See id.

Deep South subsequently filed a third-party complaint against Tango, alleging that Tango must indemnify Deep South for any sums rendered in favor of plaintiff International Paper, as well as reimburse Deep South for costs and attorney fees pursuant to a rental agreement between the parties. See Record Document 21. Tango filed this motion for summary judgment seeking dismissal of Deep South's claim for indemnity on the grounds that the rental agreement is insufficient to require Tango to indemnify Deep South in this case and also that Deep South's demand for attorney's fees is premature. See Record Document 38. Deep South opposes the motion and has also filed a cross-motion for summary judgment seeking judgment granting its third-party demand. See Record Document 40.

## II. LAW AND ANALYSIS

A.   **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

3

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.     Tango's Motion.**

    **1.     Duty To Indemnify.[3]**

Tango first contends that the Short Term Equipment Rental Agreement ("rental agreement") it executed with Deep South is insufficient to impose a duty on Tango

---

[3] This diversity case is governed by Louisiana substantive law. See Erie R. Co. v. Tompkins, 304 U.S. 64, 585 S.Ct. 817 (1938).

to indemnify Deep South against the loss incurred by International Paper in this case. Tango argues that its indemnification obligation is limited to losses resulting from Tango's negligence, and therefore it is not bound to indemnify Deep South's own negligence.

Like any other contract, a contract of indemnity is the law between the parties and must be interpreted according to its own terms. See Yocum v. City of Minden, 566 So.2d 1082, 1086 (La. App. 2d Cir. 1990). The general rules of contract interpretation apply to contracts of indemnity. See Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La. 1986). Courts are obligated to give legal effect to such contracts according to the true intent of the parties. See La. Civ. Code art. 2045; Martin Exploration Co. v. Amoco Prod. Co., 637 So.2d 1202, 1205 (La. App. 1st Cir. 1994); Spohrer v. Spohrer, 610 So.2d 849, 852 (La. App. 1 Cir. 1992). Intent is an issue of fact which is to be inferred from all of the surrounding circumstances. See Futch v. Futch, 643 So.2d 364 (La. App. 2d Cir. 1994). This intent is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. See La. Civ. Code art. 2046; Sanders v. Ashland Oil, Inc., 696 So.2d 1031, 1036 (La. App. 1st Cir. 1997). In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. See La. Civ. Code art.

1848; Sanders, 696 So.2d at 1036. Agreements to indemnify are strictly construed and the party seeking to enforce the agreement bears the burden of proof. See Kelly v. Sneed, 660 So.2d 118 (La. App. 2d Cir. 1995).

The rental agreement executed by Deep South and Tango provides in relevant part that:

> Lessee will save Lessor harmless from and reimburse Lessor for all damage to and loss of the equipment from any cause. Lessee further agrees to indemnify and hold Lessor harmless from all loss, damage, liability, cost or expense of whatsoever nature or cause, **arising out of Lessee's use or possession of the equipment**. The foregoing includes, without limitation, injury or damage to the person or property of Lessor, Lessee, or any third party, and their respective employees, agents and independent contractors.

Record Document 38, Ex. A (**emphasis added**). The language of this indemnity provision is clear and unambiguous. The parties expressed an intent for Tango to indemnify Deep South only for damage "arising out of Lessee's [Tango's] use or possession of the equipment." Thus, under a plain reading of the indemnity provision, Tango is not bound to indemnify Deep South for losses arising out of Deep South's negligence.

Deep South's memorandum in opposition to Tango's motion for summary judgment did not contest this issue. Even had Deep South argued that Tango agreed to indemnify Deep South for Deep South's negligence, Louisiana jurisprudence holds that "a contract will not be construed to indemnify an indemnitee against losses

resulting to him through his own negligence unless such an intention is expressed in unequivocal terms." See Perkins v. Rubicon, Inc., 563 So.2d 258, 259 (La. 1990); Polozola v. Garlock, 343 So.2d 1000 (La. 1977). In this case, there is nothing in the indemnity provision that unequivocally states that Deep South will be indemnified for its own negligence. This court finds that the rental agreement is insufficient to impose a duty on Tango to indemnify Deep South for any losses sustained as a result of Deep South's negligence. Moreover, Deep South has failed to establish a genuine dispute as to this fact. Accordingly, Tango's motion for summary judgment is **GRANTED** insomuch as Tango is not bound to indemnify Deep South for Deep South's own negligence.

However, this court cannot grant Tango's motion in full because factual disputes remain on the issue of Tango's duty to indemnify Deep South. In its third-party demand, Deep South specifically alleges Tango's negligence in operating the truck as a cause of the fire. See Record Document 21 at ¶ VII. If Tango was indeed negligent, and its negligence was a cause of the fire, then Tango may be bound to indemnify Deep South under the terms of the rental agreement. Neither party has set forth facts that would establish the presence or absence of Tango's negligence in operating the truck, leaving a genuine dispute of material fact as to that issue. Therefore, Tango's motion for summary judgment is **DENIED** to the extent that it

requests a judgment dismissing the entirety of Deep South's claim for indemnity.

### 2. Duty To Defend.

Deep South's third-party complaint seeks recovery "for all costs and attorney[']s fees incurred by Deep South defending its own interests or those which Deep South is obligated to defend." See Record Document 21 at ¶ X. Tango argues that Deep South's demand for attorney's fees is premature, and, alternatively, that the indemnity clause of the rental agreement is insufficient to impose a duty on it to defend Deep South. This court does not reach the merits of the parties' arguments because it finds Deep South's claim for attorney's fees is premature.

Under settled Louisiana law, "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." Suire v. Lafayette City-Parish Consol. Gov't, 907 So.2d 37, 51 (La. 2005)(citing Meloy v. Conoco, Inc., 504 So.2d 833, 839 (La. 1987)). Thus, a claim for defense under an indemnity agreement is premature until the indemnitee has sustained compensable loss. See id. Here, Tango may be required to reimburse Deep South for attorney's fees and costs as a result of the present suit, but this lawsuit has not concluded and liability not yet determined. Therefore, Deep South has not yet sustained any compensable loss. Accordingly, Deep South's claim for defense is premature.

Rather than dismiss Deep South's claim altogether, however, this court will defer ruling on the issue until liability is determined. Tango is correct that Louisiana jurisprudence authorizes deferring adjudication of such claims until the lawsuit concludes and liability is determined instead of outright dismissing such claims. See Burns v. McDermott, Inc., 665 So.2d 76, 79 (La. App. 1st Cir. 1995). In addition, Federal Rule of Civil Procedure 14 permits joinder of a third party against whom a cause of action has not yet accrued.[4] This court agrees with the result in Winslow v. American Airlines, Inc., 2008 WL 4469962, at *2 (E.D. La. Sep. 29, 2008), where the Eastern District of Louisiana cited judicial efficiency, economy and convenience of the parties as justifications for deferring resolution of the third-party plaintiff's claim for defense. Accordingly, the court will permit Deep South's claim but defer adjudication on the issue of attorney's fees until the lawsuit concludes and liability is determined. Tango's motion for summary judgment must be **DENIED** as it requests a ruling dismissing Deep South's claim for defense.

---

[4] A third-party plaintiff may serve a complaint on a nonparty who "is or may be liable to it for all or part of the claim against it." See Fed. R. Civ. P. 14(a)(1). The words "may be liable" mean that Rule 14 permits joinder of a party against whom "a cause of action has not yet accrued, provided that the claim is contingent upon the success of plaintiff's action and will accrue when defendant's liability is determined in the main action or plaintiff's claim is satisfied." See Wright, Miller and Kane, Federal Practice & Procedure § 1451, at 405-06 (2d ed. 1990).

### C. Deep South's Motion.

Deep South's motion for summary judgment seeks a judgment granting its third-party complaint. As third-party plaintiff, Deep South bears the burden of proving its claims at trial. To prevail on its motion for summary judgment, Deep South must come forward evidence which would entitle it to a directed verdict if the evidence was uncontroverted at trial. See Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264 (5th Cir. 1991); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999). Thus, in order for the court to grant its motion, Deep South would have to establish that Tango was negligent and that Tango's negligence was a cause of the fire. Here, Deep South has alleged no facts whatsoever regarding Tango's negligence. Considering this and given that this court is deferring judgment on Deep South's claim for attorney's fees and costs, Deep South's motion seeking judgment granting its third-party complaint is **DENIED**.

### III. CONCLUSION

Based on the foregoing, Tango's motion for summary judgment is **GRANTED IN PART, DENIED IN PART**. Tango's motion for summary judgment is **GRANTED** insomuch as Tango is not bound to indemnify Deep South for Deep South's own negligence; otherwise, Tango's motion is **DENIED**. Deep South's motion for summary judgment is **DENIED**. An order consistent with the terms of

this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 22nd day of October, 2012.

_____
JUDGE TOM STAGG