

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

INTERNATIONAL PAPER COMPANY
and
FACTORY MUTUAL INSURANCE
COMPANY

CIVIL ACTION NO. 11-0017
versus
JUDGE TOM STAGG

DEEP SOUTH EQUIPMENT
COMPANY, NAACO MATERIALS
HANDLING GROUP, INC.,
OSRAM SYLVANIA, INC.,
RST INSURANCE COMPANY,
UVW INSURANCE COMPANY and
XYZ INSURANCE COMPANY

---

## MEMORANDUM RULING

Before this court is a motion for summary judgment filed by defendant Osram Sylvania, Inc. ("Sylvania") pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Record Document 44. For the reasons set forth below, Sylvania's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

International Paper Company ("International Paper") filed suit in this court against Deep South Equipment Company ("Deep South"), NAACO Materials

Handling Group, Inc. ("NAACO"), Sylvania, RST Insurance Company, UVW Insurance Company and XYZ Insurance Co., alleging various theories of negligence and products liability under the Louisiana Products Liability Act in connection with a fire at a warehouse leased by International Paper. See Record Document 1. Against Sylvania, International Paper alleges that a light bulb manufactured by Sylvania was defective and that this defect proximately caused the fire. See id. Sylvania filed this motion for summary judgment, seeking dismissal of International Paper's claims on the ground that there is no genuine issue of material fact as to causation. See Record Document 44. Plaintiff International Paper does not oppose Sylvania's motion.[1]

---

[1] Co-defendant Deep South filed an opposition to Sylvania's motion for summary judgment. See Record Document 48. However, Deep South does not have standing to oppose the motion because Sylvania and Deep South have not filed claims against each other and the motion is unopposed by plaintiff International Paper. See Dorvin v. 3901 Ridgelake Drive, L.L.C., No. 11-00696, 2012 WL 1057599, at *4 (E.D. La. March 28, 2012) (quoting Thurman v. Wood Group Prod. Servs. Inc., No. 09-4142, 2010 WL 5207587, at *1 (E.D. La. Dec. 14, 2010); C.F. Bean Corp. v. Clayton Indus., Ltd., No. 95-0161, 1996 WL 470644 (E.D. La. Aug. 19, 1996)). In Thurman, the court held that because the non-moving defendant had not filed a cross-claim against the moving defendant, the non-moving defendant was not a "party" within the meaning of Rule 56. Thurman, 2010 WL 5207587, at *1. Therefore, it lacked standing to oppose the defendant's motion for summary judgment. See id. Similarly, Deep South does not have standing to oppose Sylvania's motion for summary judgment.

## II. LAW AND ANALYSIS

A.   **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004).   If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.

3

2002).

## B. International Paper's Failure to Respond To The Motion.

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. A respondent opposing a motion must "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." Local Rule 7.5. "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion." Local Rule 56.2. International Paper was served with Sylvania's motion on August 14, 2012. To date, International Paper has not responded. Therefore, all material facts set forth by Sylvania will be deemed admitted for purposes of the motion for summary judgment.

## C. Louisiana Products Liability Act.

The Louisiana Products Liability Act ("LPLA") establishes the exclusive theories of liability for manufacturers for damages caused by their products. See La. R.S. § 9:2800.52; Evans v. Ford Motor Co., 484 F.3d 329, 334-35 (5th Cir. 2007). A plaintiff may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in the LPLA. See La. R.S. § 9:2800.52. In order to succeed under the LPLA, a plaintiff must establish: (1) that the

defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product unreasonably dangerous; and (4) that the claimant's damages arose from a reasonably anticipated use of the product by the claimant or someone else. See La. R.S. § 9:2800.54(A).

Because International Paper bears the burden of proof on each of the elements of its claims, Sylvania is not required to submit evidence to support its motion, but need only to point to the lack of evidence supporting International Paper's claims. See Latimer v. Smithkline & French Lab., 919 F.2d 301, 303 (5th Cir. 1990). Sylvania argues that International Paper has not put forth sufficient evidence from which a reasonable juror could conclude that its light bulb was the proximate cause of International Paper's damages. See Record Document 44. Because the light bulb in question was destroyed and therefore cannot be examined for evidence of defects, Sylvania contends that International Paper could not sufficiently establish the existence of a defect at trial. See id. As noted above, International Paper did not respond to Sylvania's motion for summary judgment. However, it did respond to Sylvania's Requests for Admissions. In its response, International Paper conceded that the bulb was destroyed and also that "subsequent discovery has produced evidence that appears to have negated [the conclusion that a lamp-related fire was one

5

viable alternative theory as to cause of the fire]." See id., Ex. A at 4.

Rule 56 of the Federal Rules of Civil Procedure provides that if the party opposing a motion for summary judgment does not respond, "summary judgment, should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). International Paper failed to respond to Sylvania's motion for summary judgment as required by Local Rule 7.5. Therefore, Sylvania's uncontested facts are deemed admitted. Furthermore, International Paper conceded that its claims against Slyvania are not supported by a "viable" theory of causation. In this instance, Sylvania has clearly met its burden under Federal Rule of Civil Procedure Rule 56 of showing an absence of genuine dispute as to causation. Therefore, summary judgment is appropriate.

### III. CONCLUSION

The plaintiff, International Paper, does not oppose defendant Sylvania's motion for summary judgment. Sylvania's motion establishes that there is no dispute of material fact as to the issue of causation. Accordingly, Sylvania's motion for summary judgment is **GRANTED** and all claims made by International Paper against Sylvania are **DISMISSED WITH PREJUDICE.**

An order consistent with this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 22nd day of October, 2012.

_____
JUDGE TOM STAGG