UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

INTERNATIONAL PAPER CO., ET AL.        CIVIL ACTION NO. 11-cv-0017

vs

DEEP SOUTH EQUIPMENT CO., ET AL.       MAGISTRATE JUDGE HORNSBY

# PLAINTIFFS' MOTION IN LIMINE

Before the voir dire examination of the jury panel, plaintiffs, International Paper Company and Factory Mutual Insurance Company, make this motion in limine. Plaintiffs seek to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If defendant, Deep South Equipment Company, injects these matters in this case through a party, an attorney, or a witness, defendant will cause irreparable harm to plaintiffs' case that no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, plaintiffs will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, plaintiffs make this motion in limine.

## A. Grounds

Plaintiffs ask the Court to prohibit defendant from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

1. Any evidence, statement, or argument of other crimes, wrongs, or acts to prove a witness's character to show that on January 7, 2010, such witness acted in accordance with his character. *See* Fed. R. Evid. 404(b)(1).

AGREED:     YES     NO

2. Any evidence, statement, or argument about settlement negotiations. Evidence of settlement negotiations is inadmissible. *See* Fed. R. Evid. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995).

AGREED:    YES    NO

3. Any evidence, statement, or argument that witness, Anthony Baker, was convicted of attempted indecent behavior with a juvenile. The probative value of admitting evidence of this conviction does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1)(A); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991).

AGREED:    YES    NO

4. Any evidence, statement, or argument that witness, Michael Ebarb, was convicted of carnal knowledge of a juvenile. The probative value of admitting evidence of this conviction does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1)(A); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991).

AGREED:    YES    NO

5. Any evidence from an expert witness who was not identified as a testifying expert in responses to interrogatories and was not timely designated. *See Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 202-03 (1st Cir. 1996); *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

AGREED:    YES    NO

6. Any opinion of an expert witness that is not supported by admissible facts. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

AGREED:    YES    NO

7. Any evidence from an expert witness that is outside the scope of the expert's

written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-70 (8th Cir. 1994).

AGREED: YES NO

8. Any evidence, statement, or argument supporting an issue not contained in the final pretrial order. *Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. L.P.*, 79 F.3d 496, 507-08 (6th Cir. 1996).

AGREED: YES NO

9. Any evidence in the form of computer-animated video or videotape that portrays events at issue in a manner not substantially similar to the actual events. Specifically, defendant has produced a video of a lift truck dragging its clamp on a concrete surface producing sparks. Defendant should be precluded from referencing or using this video because the warehouse, at the time in question, had a layer of paper on the floor and thus the bare concrete that produced the sparks in the video failed to portray events in a manner suitably similar to the actual events. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 424-25 (4th Cir. 1996).

AGREED: YES NO

10. Any evidence that defendant did not produce in discovery.

11. Defendant should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories or any evidence it did not produce in response to any discovery.

AGREED: YES NO

12. Any evidence, statement, or argument suggesting that plaintiffs, through their attorney, asserted claims of privilege during discovery. Claims of privilege are not

admissible as evidence. *See* Fed. R. Evid. 501.

AGREED: YES NO

13. Any attempt to elicit testimony from plaintiffs about communications with their attorneys. Such communications are privileged. *See* Fed. R. Evid. 501.

AGREED: YES NO

14. Any evidence, statement, or argument that a witness goes to church every Sunday and tithes or serves as a minister or other church functionary. Evidence of a witness's religious beliefs is not admissible to attack or support credibility. *See* Fed. R. Evid. 610.

AGREED: YES NO

15. Any evidence, statement, or argument that Tango employees were dragging bales with wires on the ground on the night of the fire. Even though evidence of a habit or routine practice may be admissible to prove that plaintiff acted in accordance with the habit or routine practice, evidence of past conduct that does not rise to the level of habit is inadmissible. *See* Fed. R. Evid. 406, 608(b).

AGREED: YES NO

16. Any evidence, statement, or argument that any witness drinks or spends excessively on liquor. Intoxication is not an issue in this trial, and this evidence would unduly prejudice the jury against the witness.

AGREED: YES NO

17. Any evidence, statement, or argument of defendant's financial adversity or plaintiffs' financial prosperity.

AGREED: YES NO

18. Any evidence, statement, or argument of the value of plaintiffs' assets apart from

the value of building and paper at issue in this case.

AGREED:    YES    NO

19. Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

AGREED:    YES    NO

20. Any attempt to ask plaintiffs' attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

AGREED:    YES    NO

21. Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the Court rules on the law applicable to this case.

AGREED:    YES    NO

22. Any evidence, statement, or argument that plaintiffs' attorney has a contingency fee in the suit.

AGREED:    YES    NO

23. Any other reference to collateral sources, including re-insurance. The claim by International Paper Company was paid in full by Factory Mutual Insurance Company and was reimbursed to the limit of the facultative reinsurance by Circle Tree. The funding arrangements or risk sharing arrangements that Factory Mutual may have with either Circle Tree or any other reinsurer are not relevant to the issues of the subrogation case against Deep South and would only be prejudicial and confusing to the jury. Defendant Deep South appears to intend to suggest that Factory Mutual is entitled to recover less

than the amount paid to International Paper because of the existence of reinsurance. This is contrary to law and would only confuse the jury.

AGREED:     YES     NO

24. Any evidence, statement, or argument that plaintiffs are or have been involved in other lawsuits.

AGREED:     YES     NO

25. Any evidence, statement, or argument concerning fires that occurred at the Murphy Bonded Warehouse subsequent to the fire at issue.

AGREED:     YES     NO

26. Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to avoid the injuries plaintiffs suffered. For Deep South to be found liable, the jury must determine that the fire was caused by Deep South's failure to supply the lift truck in question with the safety equipment recommended by the manufacturer. If the jury so determines, then the absence of the recommended safety equipment is an intervening superseding cause not foreseeable to International Paper or Tango making the manner in which the warehouse was operated, the size of the stacks of paper, the amount of paper, the presence of scrap paper on the floor, the absence of sprinklers, any divergence of practice between the Murphy Bonded Warehouse Operation and other recycled paper storage facilities operated by International Paper, any divergence of practice between the Murphy Bonded Warehouse Operation and NFPA 505, any divergence of practice between the Murphy Bonded Warehouse Operation and ANSI B56.1, any divergence of practice between the Murphy Bonded Warehouse Operation and International Paper's Asset Protection Manual, other recycled

paper storage facilities operated by International Paper, and any divergence of practice between the Murphy Bonded Warehouse Operation and Factory Mutual Data Sheets are irrelevant.

AGREED: YES NO

27. Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to educate or control Tango's Murphy Bonded Warehouse operations. Tango was an independent contractor to which International Paper owed no legal duty in terms of directing, educating or training.

AGREED: YES NO

28. Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to avoid the injuries plaintiffs suffered by following the International Paper Asset Protection Manual, or Factory Mutual Data Sheets because they do not create a legal duty and are therefore irrelevant.

29. Any out of court statement by any Tango employee concerning the cause of the fire at issue in this case because no one witnessed the ignition of the fire and any suggestion as to cause by a Tango employee would be mere speculation and not based on personal knowledge.

AGREED: YES NO

30. Any statement, recording, videotape, report, or record recounting hearsay attributed to a Tango employee concerning the cause of the fire at issue in this case because no one witnessed the ignition of the fire and any suggestion as to cause by a Tango employee would be mere speculation and not based on personal knowledge

31. Any reference to or mention of the claim adjustment by Factory Mutual apart

from reference to the amount paid to International Paper by Factory Mutual. The claim adjustment does not prove the amount of damages and is thus irrelevant.

AGREED:    YES    NO

32.    Any evidence, statement, or argument concerning publicity about this case, or any suggestion that the publicity is true or correct.

AGREED:    YES    NO

33.    Any evidence, statement, or argument that any Deep South employee belongs to any church or law enforcement support group.

AGREED:    YES    NO

Any evidence, statement, or argument that plaintiffs' case should not be taken seriously because plaintiffs do not produce expert testimony as to a fact.

AGREED:    YES    NO

34.    Any evidence, statement, or argument concerning a claim, lawsuit, verdict, or judgment having an adverse effect on insurance rates or premiums.

AGREED:    YES    NO

35.    Any evidence, statement, or argument concerning a claim, lawsuit, verdict, or judgment having an adverse effect on costs and availability of goods or services.

AGREED:    YES    NO

### B. Conclusion

For these reasons, plaintiffs ask the Court to instruct defendant and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct defendant and all attorneys to warn

and caution each of their witnesses to follow the same instructions.

        Respectfully submitted,

        /s/ Bruce H. Rogers
        John C. Hart, TX SB No. 09147600
        Bruce H. Rogers, TX SB No. 00791560
        BROWN, DEAN, WISEMAN, PROCTOR,
            HART & HOWELL, LLP
        306 W. 7th Street
        Fort Worth, Texas 76102-4905
        Phone: (817)332-1391
        Fax:    (817) 870-2427
        jhart@browndean.com
        brogers@browndean.com

        and

        Robert H. ("Lad") Shemwell, Jr. #22616
        WEEMS, SCHIMPF, HAINES, LANDRY
           SHEMWELL & MOORE
        912 Kings Highway
        Shreveport, Louisiana 71104-426
        Phone: (318) 222-2100
        Fax:    (318) 226-5100
        Shemwell@weems-law.com

        **ATTORNEYS FOR PLAINTIFF,**
        **FACTORY MUTUAL INSURANCE**
        **COMPANY**

## CERTIFICATE OF SERVICE

      I certify that on the 17th day of September, 2015, a true and correct copy of the above and foregoing was served on the following attorneys via email.

| | |
|---|---|
| Gregory Dwayne Maricle | James A. Mijalis |
| Maricle & Associates | Lunn, Irion, Salley, Carlisle & Gardner |
| #1 Sanctuary Boulevard, Suite 201 | P.O. Box 1534 |
| Mandeville, LA 70471 | Shreveport, LA 71165-1534 |
| g.d.maricle@spt.com | jam@lunnirion.com |
| gdmaricl@travelers.com | |

**PLAINTIFFS' MOTION IN LIMINE**                                          **Page 9**

Brian T. Butler
Keogh, Cox & Wilson, Ltd.
701 Main Street
Baton Rouge, LA 70802
bbutler@kcwlaw.com

                                                                    /s/ Bruce H. Rogers
                                                                   Bruce H. Rogers/John C. Hart