IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAPER COMPANY and | § | CIVIL ACTION NO. 11-CV-00017 |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | JUDGE STAGG |
| DEEP SOUTH EQUIPMENT COMPANY, | § | |
| NACCO MATERIALS HANDLING | § | |
| GROUP, INC., OSRAM SYLVANIA | § | |
| INC., RST INSURANCE COMPANY, | § | |
| UVW INSURANCE COMPANY, and XYZ | § | |
| INSURANCE COMPANY, | § | MAGISTRATE JUDGE HORNSBY |
|     Defendants, | § | |

---

**CORRECTED DOCUMENT
MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMING**

---

WEEMS, SCHIMPF, HAINES, LANDRY
  SHEMWELL & MOORE (APLC)
Robert H. Shemwell, Jr.   No. 22616
912 Kings Highway
Shreveport, Louisiana 71104
Phone:   (318) 222-2100
Facsimile: (318) 226-5100

BROWN, DEAN, WISEMAN, PROCTOR,
  HART & HOWELL, L.L.P.
John C. Hart
Bruce H. Rogers
200 Fort Worth Club Building
306 W. 7th Street
Fort Worth, Texas 76102-4905
Telephone: (817) 332-1391
Facsimile: (817) 870-2427

ATTORNEYS FOR PLAINTIFF,
INTERNATIONAL PAPER COMPANY

## TABLE OF CONTENTS

Page No.

Table of Contents ...................................................................................................... I

Table of Authorities ................................................................................................... a

Legal Standard ........................................................................................................ 1

Argument and Authority .......................................................................................... 2

1.   Any evidence, statement or argument of other crimes, wrongs, or acts to prove a
     witness' character to show that on January 7, 2010, such witness acted in
     accordance with his character. .................................................................... 2

2.   Any evidence, statement or argument about settlement negotiations. ...................... 2

3.   Any evidence, statement or argument that witness Anthony Baker was convicted
     of attempted indecent behavior with a juvenile. ........................................... 3

4.   Any evidence, statement or argument that witness Michael Ebarb was convicted
     of carnal knowledge of a juvenile. ................................................................ 3

5.   Any Evidence from an expert witness who was not identified as a testifying
     expert in responses to interrogatories and was not timely designated. ..................... 4

6.   Any opinion of an expert witness that is not supported by admissible facts. ............. 4

7.   Evidence from an expert witness that is outside the scope of the expert's written
     opinion produced during pretrial discovery. ................................................. 5

8.   Any evidence, statement, or argument supporting an issue not contained in the
     final pretrial order should not be admissible. ............................................... 5

9.   Evidence in the form of computer-animated video or videotape that portrays
     events at issue in a manner not substantially similar to the actual events should
     be excluded. .................................................................................................. 5

10.  Any evidence that defendant did not produce in discovery. ...................................... 6

11.      Defendant should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories or any evidence it did not produce in response to any discovery. ......................................................................... 6

12.      Any evidence, statement, or argument suggesting that plaintiffs, through their attorney, asserted claims of privilege during discovery. ............................................. 7

13.      Any attempt to elicit testimony from plaintiffs about communications with their attorneys. ............................................................................................ 7

14.      Any evidence, statement, or argument that a witness goes to church every Sunday and tithes or serves as a minister or other church functionary. .................... 7

15.      Any evidence, statement, or argument that Tango employees were dragging bales with wires on the ground on the night of the fire. ............................................. 8

16.      Any evidence, statement, or argument that any witness drinks or spends excessively on liquor. ................................................................................. 8

17.      Any evidence, statement, or argument of defendant's financial adversity or plaintiffs' financial prosperity. ................................................................... 8

18.      Any evidence, statement, or argument of the value of plaintiffs' assets apart from the value of building and paper at issue in this case. ......................................... 9

19.      Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case. ................................................................................. 9

20.      Any attempt to ask plaintiffs' attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury. ............................... 10

21.      Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the Court rules on the law applicable to this case. ........................................................... 10

22.      Any evidence, statement, or argument that plaintiffs' attorney has a contingency fee in the suit. ......................................................................................... 10

23.      Any other reference to collateral sources, including re-insurance. ........................... 11

24.     Any evidence, statement, or argument that plaintiffs are or have been involved in other lawsuits.   ................................................................................   11

25.     Any evidence, statement, or argument concerning fires that occurred at the Murphy Bonded Warehouse subsequent to the fire at issue.   .....................................   11

26.     Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to avoid the injuries plaintiffs suffered.   ......................................................................   12

27.     Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to educate or control Tango's Murphy Bonded Warehouse operations.   ........................................   13

28.     Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to avoid the injuries plaintiffs suffered by following the International Paper Asset Protection Manual, or Factory Mutual Data Sheets.   ................................................   14

29.     Any out of court statement by any Tango employee concerning the cause of the fire.   ..............................................................................   14

30.     Any statement, recording, videotape, report, or record recounting hearsay attributed to a Tango employee concerning the cause of the fire.   ............................   15

31.     Any reference to or mention of the claim adjustment by Factory Mutual apart from reference to the amount paid to International Paper by Factory Mutual.   ..........   15

32.     Any evidence, statement, or argument concerning publicity about this case, or any suggestion that the publicity is true or correct.   .....................................   16

33.     Any evidence, statement, or argument that any Deep South employee belongs to any church or law enforcement support group.   ......................................   16

34.     Any evidence, statement, or argument that plaintiffs' case should not be taken seriously because plaintiffs do not produce expert testimony as to a fact.   ...............   17

35.     Any evidence, statement, or argument concerning a claim, lawsuit, verdict, or judgment having an adverse effect on insurance rates or premiums.   ........................   17

Conclusion ............................................................................................................ 18

Certificate of Service ........................................................................................... 19

TABLE OF AUTHORITIES

Page No.

Rules

Fed. R. Evid. 401 ...................................................................8, 9, 10

Fed. R. Evid. 402 ...................................................................   1

Fed. R. Evid. 403 ...................................................   2, 3, 8, 9, 10

Fed. R. Evid. 404(a) ...............................................   2, 3

Fed. R. Evid. 404(b)(1) ..........................................   2, 3

Fed. R. Evid. 406 ...................................................   8

Fed. R. Evid. 408 ...................................................   2, 3

Fed. R. Evid. 501 ...................................................   7

Fed. R. Evid. 502 ...................................................   7

Fed. R. Evid. 608(b) ...............................................   8

Fed. R. Evid. 609(a)(1)(A) .......................................   2, 3, 4

Fed. R. Evid. 610 ...................................................   7, 16

Fed. R. Evid. 702 ...................................................   4

Rule 703 ...............................................................   4

Fed.R.Civ.Pr. 26(a)(2)(B) .......................................   5

Cases

*Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995) ..................   2

*Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993) ...............................   4

*Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182,

202-03 (1st Cir. 1996) ................................................................................... 4

*Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996) (quoting
*Christopherson v. Allied-Signal Corp.,* 939 F.2d 1106, 1114-5 (5th Cir. 1991)) ....... 4

*Hinkle v. City of Clarksburg*, 81 F.3d 416, 424-25 (4th Cir. 1996) ...................................... 5

*Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. L.P.*, 79 F.3d 496, 507-08
(6th Cir. 1996) ................................................................................ 5

*Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 384 (2008)
quoting *United States v. Abel,* 469 U.S. 45, 54 (1984) ......................................... 2

*United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991) ............................................ 2, 3, 4

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAPER COMPANY and | § | CIVIL ACTION NO. 11-CV-00017 |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
|   Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | JUDGE STAGG |
| DEEP SOUTH EQUIPMENT COMPANY, | § | |
| NACCO MATERIALS HANDLING | § | |
| GROUP, INC., OSRAM SYLVANIA | § | |
| INC., RST INSURANCE COMPANY, | § | |
| UVW INSURANCE COMPANY, and XYZ | § | |
| INSURANCE COMPANY, | § | MAGISTRATE JUDGE HORNSBY |
|   Defendants, | § | |

**CORRECTIVE DOCUMENT**
**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMING**

  NOW COME, International Paper Company ("**IP**") and Factory Mutual Insurance Company ("**FM**"), Plaintiffs herein, who submit this memorandum in support of their motion in LIMING against Defendant Deep South Equipment Company's ("**Deep South**") Motion in LIMING to exclude evidence and/or testimony without first obtaining leave of Court outside the presence of the jury as more specifically set forth herein.

**Legal Standard**

  Rule 401 of the Federal Rules of Evidence states: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would otherwise be without the evidence; and (b) the fact is of consequence in determining the action." All relevant evidence is generally admissible and all irrelevant evidence is inadmissible. *See* Fed. R. Evid. 402. Nonetheless, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . .

unfair prejudice, confusing the issues, [or] misleading the jury. . . ." Fed. R. Evid. 403. "[D]istrict court[s] [have] . . . wide discretion in determining the admissibility of evidence under the Federal Rules." *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 384 (2008) quoting *United States v. Abel,* 469 U.S. 45, 54 (1984).

### Argument and Authority

The order of the Memorandum in Support will Track the numbering system utilized in Plaintiffs' Motion in LIMING.

1. **Any evidence, statement or argument of other crimes, wrongs, or acts to prove a witness's character to show that on January 7, 2010, such witness acted in accordance with his character.**

"Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The exception to this rule permits attacking a witness's character for truthfulness only if the probative value substantially outweighs the danger of unfair prejudice, Fed. R. Evid. 403, and establishing the elements of the crime required proving, or the witness admitting, a dishonest act or false statement. Fed. R. Evid. 404(a). Conviction for sexual misconduct does not require evidence of a dishonest act or false statement and thus should not be admitted. Furthermore, the probative value of admitting evidence of conviction for sexual misconduct does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1)(A); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991).

2. **Any evidence, statement or argument about settlement negotiations.**

Evidence of settlement negotiations is inadmissible. *See* Fed. R. Evid. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995). To the extent that there have been or

will be any settlement negotiations, they do not fit under any exception to Fed. R. Evid. 408 and therefore any evidence or mention of settlement negotiations would therefore be improper.

3.   **Any evidence, statement or argument that witness Anthony Baker was convicted of attempted indecent behavior with a juvenile.**

"Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The exception to this rule permits attacking a witness's character for truthfulness only if the probative value substantially outweighs the danger of unfair prejudice, Fed. R. Evid. 403, and establishing the elements of the crime required proving, or the witness admitting, a dishonest act or false statement.  Fed. R. Evid. 404(a).   Conviction for sexual misconduct does not require evidence of a dishonest act or false statement and thus should not be admitted. Furthermore, the probative value of admitting evidence of conviction for sexual misconduct does not outweigh its prejudicial effect.  *See* Fed. R. Evid. 609(a)(1)(A); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991).

4.   **Any evidence, statement or argument that witness Michael Ebarb was convicted of carnal knowledge of a juvenile.**

"Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The exception to this rule permits attacking a witness's character for truthfulness only if the probative value substantially outweighs the danger of unfair prejudice, Fed. R. Evid. 403, and establishing the elements of the crime required proving, or the witness admitting, a dishonest act or false statement.  Fed. R. Evid. 404(a).  Conviction for sexual misconduct does not require evidence of a dishonest act or false statement and thus should not be admitted. Furthermore, the

probative value of admitting evidence of conviction for sexual misconduct does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1)(A); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991).

**5.      Any Evidence from an expert witness who was not identified as a testifying expert in responses to interrogatories and was not timely designated.**

Excluding the testimony of an expert who was not timely designated is not an abuse of discretion. *See Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 202-03 (1st Cir. 1996); *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993). Both parties had sufficient time to designate experts in this matter, and the Court, has previously excluded experts for plaintiffs based upon its determination that they were not timely designated.  Allowing any testimony or evidence from an expert witness who was not timely designated an expert would be contrary to the scheduling order and its prior rulings.

**6.      Any opinion of an expert witness that is not supported by admissible facts.**

Certainly nothing in Fed. R. Evid. 703 requires a court to admit an opinion based on facts that are indisputably wrong. Even if Fed. R. Evid. 703 will not require the exclusion of such an unfounded opinion, general principles of relevance will. In other words, an opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant. In any event such an opinion will not advance the express goal of "assisting the trier of fact" under Fed. R. Evid. 702. *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996) (quoting *Christopherson v. Allied-Signal Corp.,* 939 F.2d 1106, 1114-5 (5th Cir. 1991)).

**7.      Evidence from an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery.**

Any evidence from an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery should be excluded.     Fed.R.Civ.Pr. 26(a)(2)(B).     To allow evidence to be admitted which is outside the scope of an expert's report would result in unfair prejudice and surprise in that Plaintiffs would not have been given the opportunity to prepare for such testimony.   Furthermore, such evidence would be in violation of this Court's scheduling order.

**8.      Any evidence, statement, or argument supporting an issue not contained in the final pretrial order should not be admissible.**

Any evidence, statement, or argument supporting an issue not contained in the final pretrial order should be excluded.   *Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. L.P.*, 79 F.3d 496, 507-08 (6th Cir. 1996).  The final pre-trial order sets forth the issues which are to be tried and allows the parties to prepare evidence in order to support their theories and countervail the other parties theories.   The parties to this litigation have had sufficient time to develop their theories, prepare their evidence and depose witnesses.  To allow such evidence, statements or argument would constitute unfair surprise.

**9.      Evidence in the form of computer-animated video or videotape that portrays events at issue in a manner not substantially similar to the actual events should be excluded.**

Defendant has produced a video of a lift truck dragging its clamp on a concrete surface producing sparks. Defendant should be precluded from referencing or using this video because the warehouse, at the time in question, had a layer of paper on the floor and thus the bare concrete that produced the sparks in the video failed to portray events in a manner suitably similar to the actual events. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 424-25 (4th Cir. 1996).  To allow such a video

to be shown to the jury would unfairly prejudice the jury and the evidence is not relevant because the conditions in the video are not the conditions which existed on the night of the fire.

**10.** **Any evidence that defendant did not produce in discovery.**

To allow the defendant to admit any evidence which it did not produce in response to discovery responses on such point would constitute unfair surprise and would be prejudicial to Plaintiffs. There has been sufficient time for discovery in this matter and the parties have engaged in substantial discovery. The parties have prepared an exhaustive pre-trial order and exhibit list which should contain all exhibits to be used in this matter. There should be no reason that defendants would have for not disclosing documents subject to either relevant discovery requests or, at the very least in their exhibit list. Any such documents would constitute a unfair prejudice to the plaintiffs.

**11.** **Defendant should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories or any evidence it did not produce in response to any discovery.**

To allow the defendant to admit the testimony from any witness it did not disclose in response to discovery responses on such point or disclose in their witness list would constitute unfair surprise and would be prejudicial to Plaintiffs. There has been sufficient time for discovery in this matter and the parties have engaged in substantial discovery. The parties have prepared an exhaustive pre-trial order and witness lists which should contain all witnesses which may be called in this matter. There should be no reason that defendants would have for not disclosing witnesses subject to either relevant discovery requests or, at the very least in their witness. Any such testimony would constitute an unfair prejudice to the plaintiffs.

12.     **Any evidence, statement, or argument suggesting that plaintiffs, through their attorney, asserted claims of privilege during discovery.**

Underlying evidence is either subject to a privilege and thus not admissible, or it is not subject to a privilege and it may be admissible.  Whether a party claimed a privilege in discovery is not relevant to such evidence.  It is relevant to whether a party has to disclose a piece of evidence, but the claim itself does not bear on whether the underlying evidence makes a fact more or less probable and therefore it is not relevant.  Furthermore, to refer to a claim of privilege would confuse the jury and prejudice the Plaintiffs.  *See* Fed. R. Evid. 501.

13.     **Any attempt to elicit testimony from plaintiffs about communications with their attorneys.**

This is bedrock law.  Communications with a parties' attorneys are privileged and subject to limited exceptions which do not exist in this case.  *See* Fed. R. Evid. 502. Furthermore, to attempt to elicit testimony from Plaintiffs about communications with their attorneys and thus force a claim of privilege when it is clear that such evidence would be inadmissible would be an attempt to confuse the jury and prejudice the Plaintiffs.

14.     **Any evidence, statement, or argument that a witness goes to church every Sunday and tithes or serves as a minister or other church functionary.**

Evidence of a witness's religious beliefs is not admissible to attack or support credibility. *See* Fed. R. Evid. 610.  Specifically, Defendant's counsel has used this approach in questioning witnesses during depositions in this matter.  A person's religious belief is not admissible to attack or support a witnesses credibility or to try to attempt to bolster a witness' opinion of the veracity of another witness based upon his standing in a religious organization.

15.    **Any evidence, statement, or argument that Tango employees were dragging bales with wires on the ground on the night of the fire.**

Absent direct testimony from a witness on the night of the fire that he or she saw a Tango employee dragging bales with wires, such testimony should be excluded.  The Tango employees can be questioned as to whether, on the night of the fire, they dragged bales with wires or saw someone else engage in the same behavior.  If there is not direct evidence of such behavior on the night of the fire, Defendant should be precluded from eliciting such testimony and or arguing facts not in evidence. Even though evidence of a habit or routine practice may be admissible to prove that a Tango employee acted in accordance with a habit or routine practice, evidence of past conduct that does not rise to the level of habit is inadmissible.  *See* Fed. R. Evid. 406, 608(b).  In order to admit evidence of a habit or routine practice, Defendant must lay a foundation as to the party he claims engaged in the habit.

16.    **Any evidence, statement, or argument that any witness drinks or spends excessively on liquor.**

Intoxication of a party is not an issue in this trial.  Any evidence that a witness that (outside the night of the fire) drinks excessively or spends a certain amount on liquor would be an attack on that person's character and is not relevant to the matter before the Court.  Such evidence would not make a fact more or less probable than without such evidence.  Furthermore, such evidence would unduly prejudice the jury against the witness. *See* Fed. R. Evid. 401, 403.

17.    **Any evidence, statement, or argument of defendant's financial adversity or plaintiffs' financial prosperity.**

Financial standing of plaintiffs, defendant or any witness which may be called in this matter is not an issue in this trial.   Financial standing is not a fact which would assist the trier of fact in

determining whether a fact is more or less probable and is therefore irrelevant.  Financial standing is not a character trait which would support or attack a person's credibility. Furthermore, such evidence could unfairly prejudice the jury against either a party or an individual witness. *See* Fed. R. Evid. 401, 403.

18.   **Any evidence, statement, or argument of the value of plaintiffs' assets apart from the value of building and paper at issue in this case.**

Financial standing of plaintiffs is not an issue in this trial.    Financial standing is not a fact which would assist the trier of fact in determining whether a fact is more or less probable and is therefore irrelevant.  Furthermore, such evidence could confuse or unduly prejudice the jury against either a party or an individual witness. *See* Fed. R. Evid. 401, 403.

19.   **Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.**

Probable testimony is not admissible evidence.  Any reference to probable testimony would be either prohibited opinion testimony or hearsay.  The parties had the opportunity to take trial depositions of witnesses who are unavailable and therefore they had the opportunity to present such evidence and for whatever reason chose not to.  The jury is entitled to hear factual evidence from witnesses and make a determination of the weight to give such evidence.  To allow the reference or introduction of probably testimony is to undermine that function of the jury and to deprive Plaintiffs of the right to cross examine such witness.   Such evidence is inadmissible and would unduly prejudice the jury.  The reference by counsel for defendant to such evidence would be allowing defendant to argue facts not in evidence. *See* Fed. R. Evid. 401, 403.

20.     **Any attempt to ask plaintiffs' attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.**

Discovery is closed.  Defendant had the opportunity to request documents of Plaintiffs, third parties and witnesses.  To the extent they believe documents were not produced that should have been, they had an adequate remedy in the form of a motion to compel.  Furthermore, the parties will have mediated this matter and attempted to reach stipulations on evidence and on issues.  Allowing defendant to ask Plaintiffs to produce documents or make an agreement in the presence of the jury is merely gamesmanship and is intended to unduly prejudice the jury against Plaintiffs.  Such an inquiry is not evidence and should not be permitted because it would have the effect of unduly prejudicing the jury. *See* Fed. R. Evid. 403.

21.     **Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the Court rules on the law applicable to this case.**

Statements of the law are the province of the Court.  Any reference to the law applicable to this case is likely to confuse the jury.  The Court will determine what law the jury is to apply and such will be set forth and presented to the jury, therefore any reference to the state of the law would merely serve to usurp the Court's authority and confuse the jury.  *See* Fed. R. Evid. 403.

22.     **Any evidence, statement, or argument that plaintiffs' attorney has a contingency fee in the suit.**

Statements related to the compensation of counsel for Plaintiffs is not relevant to the issues in this case.  They will not serve to assist the jury in determining whether a fact is more or less probable and are therefore not relevant.  They are merely designed to unduly prejudice the jury against Plaintiffs or Plaintiffs' counsel and will not serve to seek the truth based upon the facts in evidence in this case. *See* Fed. R. Evid. 401, 403.

23.     **Any other reference to collateral sources, including re-insurance.**

The claim by International Paper Company was paid in full by Factory Mutual Insurance Company and was reimbursed to the limit of the facultative reinsurance by Circle Tree.   The funding arrangements or risk sharing arrangements that Factory Mutual may have with either Circle Tree or any other reinsurer are not relevant to the issues of the subrogation case against Deep South and would only be prejudicial and confusing to the jury.   Defendant Deep South appears to intend to suggest that Factory Mutual is entitled to recover less than the amount paid to International Paper because of the existence of reinsurance.   This is contrary to law and would only confuse the jury. See also Opposition to Motion in LIMING of Plaintiffs Re Circletree Ins. filed in this matter as Doc 208.

24.     **Any evidence, statement, or argument that plaintiffs are or have been involved in other lawsuits.**

Any reference to other lawsuits in which the Plaintiffs are or have been involved in is not relevant.  They will not serve to assist the jury in determining whether a fact is more or less probable and are therefore not relevant.   They are merely designed to unduly prejudice the jury against Plaintiffs and will not serve to seek the truth based upon the facts in evidence in this case. Specifically, any reference to a subsequent fire in this case and the lawsuit pending in such matter is not relevant.   There is no claim asserted in such lawsuit regarding liability as to the cause of the fire which is the central issue in this matter.

25.     **Any evidence, statement, or argument concerning fires that occurred at the Murphy Bonded Warehouse subsequent to the fire at issue.**

Any reference to subsequent fires at the Murphy Bonded Warehouse is not relevant.   They will not serve to assist the jury in determining whether a fact is more or less probable and are

therefore not relevant.  They are merely designed to unduly prejudice the jury against Plaintiffs and will not serve to seek the truth based upon the facts in evidence in this case.  Specifically with regard to the lawsuit pending related to a subsequent fire at the warehouse, there is no claim asserted in such lawsuit regarding liability as to the cause of the fire which is the central issue in this matter.

26.     **Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to avoid the injuries plaintiffs suffered.**

For Deep South to be found liable, the jury must determine that the fire was caused by Deep South's failure to supply the lift truck in question with the safety equipment recommended by the manufacturer.  If the jury so determines, then the absence of the recommended safety equipment is an intervening superseding cause not foreseeable to International Paper or Tango making the manner in which the warehouse was operated, the size of the stacks of paper, the amount of paper, the presence of scrap paper on the floor, the absence of sprinklers, any divergence of practice between the Murphy Bonded Warehouse Operation and other recycled paper storage facilities operated by International Paper, any divergence of practice between the Murphy Bonded Warehouse Operation and NFPA 505, any divergence of practice between the Murphy Bonded Warehouse Operation and ANSI B56.1, any divergence of practice between the Murphy Bonded Warehouse Operation and International Paper's Asset Protection Manual, other recycled paper storage facilities operated by International Paper, and any divergence of practice between the Murphy Bonded Warehouse Operation and Factory Mutual Data Sheets are irrelevant.

By way of illustration, consider the hypothetical of traffic accident statistics that indicate it is more dangerous to make a left turn before oncoming traffic, even with a stop sign or red light facing the oncoming traffic, than it is to go through the intersection and make three right turn to

accomplish the same change of direction. A risk averse driver, or his insurer, could decide to always make the three right turns instead of making the left. One day, for whatever reason, the driver makes the left turn, failing to follow his own practice and his insurer's recommendations and is struck when an oncoming driver runs the stop sign. The driver who made the left turn did not cause the accident. He had no legal duty to avoid making the left turn, and the failure of the oncoming motorist to stop was the intervening superseding cause. There was no contributory negligence by the driver who turned left even though the accident would not have happened but for his left turn.

27.  **Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to educate or control Tango's Murphy Bonded Warehouse operations.**

Tango was an independent contractor to which International Paper owed no legal duty in terms of directing, educating or training. Tango is not a subsidiary of, sister company or in any way associated with International Paper except though a contractual basis. IP hired Tango to perform a task and they are not liable to Tango or any third party in how Tango decided to carry out such task. To the contrary, IP arguably could have opened itself up to liability if it directed or controlled the manner in which Tango completed the task. Any evidence that IP should have taken additional precautions which may have the effect of lessening the chance of harm would unduly prejudice the jury against Plaintiffs. Further, it is an attempt to create a legal duty that does not exist. Legal duties are statements of law which are the province of Court.

**28.** **Any evidence, statement, or argument about additional actions or precautions that International Paper Company could have taken to avoid the injuries plaintiffs suffered by following the International Paper Asset Protection Manual, or Factory Mutual Data Sheets.**

Tango was an independent contractor to which International Paper owed no legal duty in terms of directing, educating or training.  Tango is not a subsidiary of, sister company or in any way associated with International Paper except though a contractual basis.  IP hired Tango to perform a task and they are not liable to Tango or any third party in how Tango decided to carry out such task.  To the contrary, IP arguably could have opened itself up to liability if it directed or controlled the manner in which Tango completed the task.  Any evidence that IP should have taken additional precautions which may have the effect of lessening the chance of harm would unduly prejudice the jury against Plaintiffs.  Further, it is an attempt to create a legal duty that does not exist.  Legal duties are statements of law which are the province of Court.

Specifically, the IP Asset Protection Manuel and the FM Data Sheets are internal documents of each entity.  Because Tango is an independent contractor, and the relationship between the parties is a contractual one such documents are not relevant.  They do not make the existence of a fact more or less probable, they are an attempt to impute a legal duty.

**29.** **Any out of court statement by any Tango employee concerning the cause of the fire.**

Any out of court statement by a Tango employee as to the cause of the fire is not relevant, because no one witnessed the ignition of the fire and any suggestion as to cause by a Tango employee would be either hearsay or improper opinion testimony and not based on personal knowledge.  Tango employees should be allowed to testify as to the events they personally witnessed which bear on the

cause of the fire.  They should not be allowed to testify as to things that they heard , read or intuited

regarding the cause of the fire because such facts or opinions are based upon inadmissible evidence.

30.   **Any statement, recording, videotape, report, or record recounting hearsay attributed to a Tango employee concerning the cause of the fire.**

Any statement, recording, videotape, report or record recounting hearsay by or attributed to

a Tango employee concerning the cause of the fire is not relevant, because no one witnessed the

ignition of the fire and any suggestion as to cause by a Tango employee would be either hearsay or

improper opinion testimony and not based on personal knowledge, therefore any statement,

recording, videotape, report or record recounting hearsay of such would also be hearsay.  Tango

employees should be allowed to testify as the events they personally witnessed which bear on the

cause of the fire.  They should not be allowed to testify as to things that the heard , read or intuited

regarding the cause of the fire because any statement, recording, videotape, report or record

recounting hearsay of such would be based upon inadmissible evidence.

31.   **Any reference to or mention of the claim adjustment by Factory Mutual apart from reference to the amount paid to International Paper by Factory Mutual.**

The claim adjustment does not prove the amount of damages and is thus irrelevant.  Plaintiff

has the burden to prove the damages suffered as a result of the fire.   The contract of insurance sets

forth the manner in which FM was required to repay IP and is only relevant to the issue of damages

in order to show that FM repaid IP at least the amount of damages that are being claimed.     For

instance, FM paid IP the replacement cost of the building, however they are not claiming the

replacement cost, because under Louisiana law, the tort feaser is not liable for the replacement cost.

The damages are an independent issue, each element of which must be proven by Plaintiffs.  With

regard to damages, first FM must prove that damage was suffered by IP and then FM must prove that

it reimbursed IP for such damages.  Likewise for uncovered damages, IP must prove that it suffered

such damage and it was not reimbursed for such damage and therefore is the proper party to asset

such claim.  All of these claims for damages must meet Louisiana law regarding what damages a tort

feaser is liable for.   How FM adjusted the claim is not relevant as long as the damage was suffered

and it reimbursed IP for such damage.

## 32.    Any evidence, statement, or argument concerning publicity about this case, or any suggestion that the publicity is true or correct.

Publicity about a case is by its nature hearsay.  It is the gathering and retelling by a third

party, not a witness to an event, about that event.  The publicity in this matter does not tend to make

any fact more or less probable and is therefore not relevant.  Furthermore, any suggestion that the

publicity is true or correct is improper opinion testimony and takes away the job of the trier of fact

to weigh the admitted evidence and draw a conclusion based upon such evidence.

## 33.    Any evidence, statement, or argument that any Deep South employee belongs to any church or law enforcement support group.

Evidence of a witness's religious beliefs is not admissible to attack or support credibility.

*See* Fed. R. Evid. 610.    Specifically, Defendant's counsel has used this approach in questioning

witnesses during depositions in this matter.  A person's religious belief is not admissible to attack

or support a witnesses credibility or to try to attempt to bolster a witness' opinion of the veracity of

another witness based upon his standing in a religious organization.

The admissibility of a person's membership in a law enforcement group tracks the same

reasoning as set forth in Fed. R. Evid. 610.  Just because a person is a member of law enforcement,

does not implicitly imply credibility.  To the extent that Defendant intends to introduce or argue that

by virtue of a person's membership in law enforcement that are more credible, such evidence or argument should not be admitted.

34.    **Any evidence, statement, or argument that plaintiffs' case should not be taken seriously because plaintiffs do not produce expert testimony as to a fact.**

The parties should be able to argue the law as determined by the Court, the facts that have been admitted into evidence, the physical evidence and the testimony of lay and expert witnesses. They should be able to argue reasonable conclusions which can be drawn from such evidence.  They should be allowed to argue the merits of their case and the lack of merit of the other parties' case. They should not, however, be allowed to use language that Plaintiffs claims are not to be taken seriously because they do not produce an expert as to a fact.  Facts can be proven through evidence other than expert testimony and therefore, the lack of expert testimony should not be able to be used to attempt to demonstrate the seriousness of Plaintiffs' case.

35.    **Any evidence, statement, or argument concerning a claim, lawsuit, verdict, or judgment having an adverse effect on insurance rates or premiums.**

Any such argument is not intended to make more or less probable any fact related to the cause of the fire and therefore is not relevant.  Insurance rates and premiums are not in any way related to the cause of the fire or the liability of the defendant.  They will not assist the trier of fact

in determining or weighing any fact.   They will, in fact unduly prejudice the jury and should for that

reason be excluded.

**Respectfully submitted,**

WEEMS, SCHIMPF, HAINES, LANDRY
   SHEMWELL & MOORE (APLC)

By: */s/ Robert H. Shemwell, Jr.*
     Robert H. Shemwell, Jr.   No. 22616
912 Kings Highway
Shreveport, Louisiana 71104
Phone:     (318) 222-2100
Facsimile: (318) 226-5100


John C. Hart
Bruce H. Rogers
BROWN, DEAN, WISEMAN, PROCTOR,
   HART & HOWELL, L.L.P.
200 Fort Worth Club Building
306 W. 7th Street
Fort Worth, Texas 76102-4905
Telephone:  (817) 332-1391
 Facsimile:  (817) 870-2427

ATTORNEYS FOR PLAINTIFF,
INTERNATIONAL PAPER COMPANY

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Plaintiffs'

Motion in LIMING has been served on the following counsel of record via the Court's electronic

filing system on the 28th day of September, 2015.

G. Dwayne Maricle                  James A. Mijalis, Esq.
Sean M. Casey                      Lunn, Irion, Salley, Carlisle & Gardner
Maricle & Associates               Post Office Box 1534
111 United Plaza, Suite 350        Shreveport, LA 71165-1534
8545 United Plaza Blvd.
Baton Rouge, LA 70809

Brian T. Butler
Keogh, Cox & Wilson
Post Office Box 1151
Baton Rouge, LA 70821


                    _/s/ Robert H. Shemwell, Jr._
                           Of Counsel