```
             IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF LOUISIANA
                     SHREVEPORT DIVISION


INTERNATIONAL PAPER         | CIVIL ACTION NO.
COMPANY, et al              | 5:11-CV-00017-TS-MLH
                            |
         Plaintiffs         |
                            |
vs.                         | JUDGE TOM STAGG
                            |
DEEP SOUTH EQUIPMENT        |
COMPANY, et al              |
                            |
         Defendants         | MAGISTRATE JUDGE HORNSBY
```

        Video deposition of DANIEL L. ARNOLD, P.E.,
FSFPE, taken in connection with the above-captioned
cause, pursuant to the following stipulations before
Johnna Barron, Certified Court Reporter, at Maricle &
Associates, #1 Sanctuary Boulevard, Suite 202,
Mandeville, Louisiana, on Friday, April 18, 2014,
beginning at 9:06 a.m.



```
 1   involved, but the fire --
 2       Q    I'm sorry.  What other systems are you
 3   talking about?
 4       A    Let me -- things like storage practices, fire
 5   pump, water supply, and things that support the
 6   sprinkler system.  The sprinkler system not in a
 7   vacuum --
 8       Q    Sure.
 9       A    -- but the fire-protection features that are
10   brought to bear to protect the -- the commodity and the
11   storage configurations.  It's not just about one single
12   item; it's about a host of items that are appropriate
13   to protect any particular storage configuration.  So it
14   was -- it was holistic testimony about all of those
15   issues of which one was the sprinkler system and why it
16   failed to perform.
17       Q    Did your work involve analyzing FM data
18   sheets?
19       A    Yes.  Analyzing -- certainly, FM data sheets
20   were one of the standards of care that were evaluated
21   as part of a -- of looking at the protection scheme for
22   the -- for that particular application.  Or
23   configuration, I should say.
24       Q    And I take it, since you were working on
25   behalf of FM and that you testified in that case, that
```

```
 1   your opinions were generally of the nature that FM had
 2   met its duty of care?
 3       A    As -- certainly as the allegations that
 4   were -- that were -- made, certainly, and the
 5   allegations weren't related to whether the data sheet
 6   was appropriate.  I -- certainly, I looked at the data
 7   sheet as a item to determine whether the protection
 8   scheme provided met or didn't meet the data sheet for
 9   that particular configuration.  Because the data sheet
10   is a -- the data sheets general -- generically are a
11   recognized resource for evaluating and determining the
12   appropriate methodology for protecting any particular
13   commodity or -- or configuration.
14       Q    They're one resource that can be used.
15       A    Well, they're a -- they're a recognized
16   resource and standard of care, certainly.
17       Q    In addition to the FM data sheets, what other
18   resources and standards of care are there for, for
19   example, sprinkler design.
20       A    Oh, my goodness.  That's a big question.
21   Well, certainly, there would be any codes and standards
22   that are adopted by local jurisdiction.  That would be
23   one standard of care.
24       Q    And would it be fair to say that many of
25   those adopt NFPA 13 as the document that they look to
```